IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-0244-CIV-KING/O'SULLIVAN

UNITED STATES OF AMERICA,

    Plaintiff

v.

NORWEGIAN CRUISE LINE LIMITED,

    Defendant.
_____/



FILED by \_\_\_ D.C.
Sept 6 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## CONSENT ORDER AND FINAL JUDGMENT

The United States filed this action to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., against Defendant, Norwegian Cruise Line Limited ("NCL"). The United States has alleged that NCL violates Title III of the ADA by imposing extra terms and conditions of travel on persons with visual impairments, and therefore denying such persons fair and equal enjoyment of NCL's cruise ships.

NCL denies these allegations. NCL disputes this Court's jurisdiction and the ADA's applicability. By entering into this Consent Order to amicably resolve this lawsuit, NCL in no way waives these challenges, agrees that this Court has jurisdiction, or agrees that the ADA applies in this context. See infra ¶ 20.8.

### JURISDICTION

1. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 12188(b)(1)(B).[1]

2. The Court has authority to grant equitable relief, monetary damages and civil penalties under 42 U.S.C. § 12188(b)(2) and 28 U.S.C. §§ 2201 and 2202.[2]

---

[1] As stated above, NCL disputes this Court's jurisdiction and the ADA's applicability in this context.

[2] As stated above, NCL disputes this Court's jurisdiction and the ADA's applicability in this context.

## CONTENTIONS OF THE PARTIES

3. Defendant Norwegian Cruise Line Limited is a Bermuda corporation, with its principal place of business located in Miami, Florida. NCL owns and operates a cruise line business, offering cruise trips in the United States and throughout the world.

Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, cruise ships are places of public accommodation. Norwegian Cruise Line Limited is a private entity within the meaning of sections 301 and 304 of the ADA, 42 U.S.C. §§ 12181 and 12184, and thus is subject to the requirements of Title III of the ADA, 42 U.S.C. §§ 12181 - 12189.[3]

4. The United States Department of Justice ("Department" or "DOJ") is the federal agency responsible for administering and enforcing Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-12189.

5. The United States filed a Complaint against NCL on January 19, 2001, in the Southern District of Florida, to enforce Title III of the ADA. The Complaint alleges that NCL unlawfully denied Stephen Gomes, Joy Cardinet-Stigile, Robert Stigile, and other persons with visual impairments fair and equal enjoyment of NCL cruise ships in violation of sections 302 and 304 of the ADA, 42 U.S.C. §§ 12182 and 12184, and its implementing regulation, 28 C.F.R. Part 36. NCL denies these allegations and asserts that the ADA is inapplicable in this context.

6. Specifically, the United States alleges that NCL requires persons with vision impairments, as a condition for traveling on NCL cruise ships, to: (a) obtain a doctor's note declaring that they are "fit for travel"; (b) travel with a companion who is not disabled; (c) acknowledge that a cruise presents "inherent risks" for passengers with vision impairments; (d) release and/or waive any claims arising out of such risks; (e) consult with a physician regarding these risks; and (f) obtain travel insurance. NCL denies these allegations and contends that the United States has misapprehended its policies.

7. The United States further alleges that NCL's general policy and practice of imposing requirements on persons with vision impairments that are not imposed on persons without disabilities, and its treatment of Stephen Gomes, Joy Cardinet-Stigile, Robert Stigile, and other persons with visual impairments, constitute a pattern or practice of discrimination within the meaning of 42 U.S.C. §12188(b)(1)(B)(i) and 28 C.F.R. § 36.503(a). Specifically, the United States' Complaint alleges that NCL:

> a. Discriminates against individuals on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages

---

[3] As noted above, NCL disputes the ADA's applicability in this context.

2

or accommodations of a place of public accommodation, in violation of 42 U.S.C. §§ 12182(a) and 12184(a), and 28 C.F.R. §§ 36.201(a) and 36.310;

    b.    Imposes or applies eligibility criteria that screen out or tend to screen out individuals with disabilities in violation of 42 U.S.C. §§ 12182(b)(2)(A)(i) and 12184(b)(1), and 28 C.F.R. §§ 36.301 and 36.310;

    c.    Subjects an individual or class of individuals on the basis of a disability or disabilities to a denial of the equal opportunity to participate in or equal benefit from the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation, in violation of 42 U.S.C. § 12182(b)(1)(A)(ii) and 28 C.F.R. § 36.202;

    d.    Affords an individual or class of individuals on the basis of a disability or disabilities with an opportunity to participate in or benefit from goods, services, facilities, privileges, advantages or accommodations in a manner that is not equal to that afforded to others, in violation of 42 U.S.C. §§ 12182(b)(1)(A)(ii) and 28 C.F.R. §§ 36.202(b);

    e.    Fails to make reasonable modifications in policies, practices, or procedures, in violation of 42 U.S.C. §§ 12182(b)(2)(A)(ii) and 12184(b)(2)(A), and 28 C.F.R. §§ 36.302(a) and 36.310; and,

    f.    Provides an individual or class of individuals on the basis of a disability or disabilities with goods, services, facilities, privileges, advantages or accommodations that are different from those provided to other individuals, in violation of 42 U.S.C. § 12182(b)(1)(A)(iii) and 28 C.F.R. § 36.202(c).

NCL denies these allegations and contends that the United States has misapprehended its policies.

8.     This action was initiated by three complaints filed with the Department against NCL between January and May 2000.

9.     Mr. Stephen R. Gomes alleges that NCL violated the ADA when it refused to allow him to board the NCL cruise ship, "Norwegian Sea," because of his disability. Mr. Gomes is blind. He alleges that extra terms and conditions for travel are imposed by NCL on persons with visual impairments that are not imposed on persons without visual impairments. NCL denies Mr. Gomes' allegations. Moreover, NCL asserts that the decision not to permit Mr. Gomes to board was based on legitimate safety concerns due to Hurricane Brett's presence in the Norwegian Sea's scheduled sailing area.

10. Mr. Robert Stigile and Ms. Joy Cardinet-Stigile booked a cruise for their honeymoon on the NCL cruise ship, "Norwegian Wind." The Stigiles allege that NCL violated the ADA when it imposed extra terms and conditions of travel on them because of their disability. Mr. Stigile and Ms. Stigile are blind. The Stigiles allege that these terms and conditions for travel are not imposed by NCL on persons without visual impairments. NCL denies the allegations to the extent that NCL agreed for the Stigiles to sail with no restrictions whatsoever.

11. The Department investigated these complaints under its authority granted by Section 308(b) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12188. The Department concluded that NCL imposes several terms and conditions of travel on persons with visual impairments in violation of the ADA.

12. The Department further concluded that Stephen Gomes, Robert Stigile, Joy Cardinet-Stigile, and other persons with visual impairments are denied fair and equal enjoyment of NCL's cruise ships.

13. Defendant denies that it has violated Title III of the ADA as alleged in the Complaint. Defendant alleges that at all material times, Title III of the ADA did not apply to Norwegian Cruise Line Limited in the operation of its fleet, nor did it apply with respect to any Norwegian Cruise Line Limited's policy concerning individuals identifying themselves as visually impaired and having special needs. Moreover, to the extent that Norwegian Cruise Line Limited denied claimant Stephen Gomes boarding on the Norwegian Sea on August 22, 1999, Defendant alleges that it did so because otherwise permitting him on board would have posed a direct threat to the health or safety of himself and others, particularly due to the anticipation of heavy weather associated with Hurricane Brett, and the decision was necessary for safe operation of the vessel. As for Mr. and Ms. Stigile, Defendant alleges that it never imposed any restrictions upon them: rather, after having been advised, in writing, that they could board the Norwegian Wind, they refused to board. Thus, Defendant alleges that to the extent that the Stigiles were denied the enjoyment of the cruise, it was due to their own choice.

14. In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties agree to entry of this Order to resolve all allegations raised in the Complaint filed on January 19, 2001. The parties agree that settlement of these matters without further litigation is in the public interest and that entry of this Order is the most appropriate means of resolving these matters. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law.

WHEREFORE, the parties hereby agree and stipulate to the Court's entry of this Consent Order and Final Judgment, which provides as follows:

4

**15. Settlement of On-Going Litigation**

This Order shall be a full, complete, and final disposition and settlement of all of the United States' claims and those of the complainants that have arisen out of the Complaint. The parties agree that there has been no admission or finding of liability or violation of the ADA and this Consent Order should not be construed as such. The parties jointly request that, following entry of the Order set forth herein, the Court enter final judgment dismissing with prejudice all claims in the United States' complaint against NCL.

The Court shall retain jurisdiction of this action to enforce provisions of this Order for five (5) years from the date of this Order.

## 16. Definitions

The parties agree and stipulate that certain terms shall be defined for purposes of this Consent Order:

**16.1** "ADA" shall mean and refer to the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq.

**16.2** "Disability" is defined as it is in the ADA, 42 U.S.C. § 12102(2).

**16.3** "Complainants" shall mean and refer to Mr. Stephen R. Gomes, Mr. Robert Stigile and Ms. Joy Cardinet-Stigile.

**16.4** "NCL" shall hereinafter mean and refer to Norwegian Cruise Line Limited.

**16.5** "Publication" includes any written document that is prepared by, or on behalf of, NCL, and is made available to the public by request or otherwise. "Publication" includes, but is not limited to, passenger tickets, passenger contracts, brochures, release forms, marketing materials, waiver forms, and website materials.

## 17. Injunctive Relief

**17.1** NCL agrees not to engage in any act or practice that has the purpose or effect of unlawfully discriminating against any person with a visual impairment in violation of the ADA.

Previously, NCL has voluntarily rescinded the policies alleged by the United States to be violative of the ADA. Consistent with this, NCL now further agrees to implement the following practices and policies:

(1) NCL agrees not to request or require any person with a visual impairment to travel with, or share a cabin with, another person unless such request or

5

requirement is made for reasons unrelated to the person's impairment and is made to all similarly situated persons regardless of disability.

(2) NCL agrees not to request or require any person with a visual impairment to consult with a doctor or other health care provider prior to traveling on an NCL cruise ship, unless such person requests, prior to travel, that NCL provide medical attention during the course of the cruise, or unless such request or requirement is made to all similarly situated persons regardless of disability.

(3) NCL agrees not to request or require any person with a visual impairment to provide a document from a doctor, or other health care provider, indicating that such person is fit or otherwise able to travel, unless such person requests, prior to travel, that NCL provide medical attention during the course of the cruise, or unless such request or requirement is made to all similarly situated persons regardless of disability.

(4) NCL agrees not to request or require any person with a visual impairment to obtain travel insurance, unless such request or requirement is made to all similarly situated persons regardless of disability.

(5) NCL agrees not to request or require any person with a visual impairment to acknowledge (whether in writing or otherwise) risks associated with traveling on a cruise ship, unless such request or requirement is made to all similarly situated persons regardless of disability.

(6) NCL agrees not to request or require any person with a visual impairment to waive or release (whether in writing or otherwise) any rights associated with traveling on a cruise ship, unless such request or requirement is made to all persons.

(7) NCL agrees to eliminate from all of its publications any and all terms, conditions, and/or other references to the policies and practices identified in ¶¶ 17.1 - 17.6.

**17.2** NCL agrees to inform all employees in writing of the practices and policies described in this Order, and shall remind all such employees of these practices and policies on an annual basis for the five years following the date of entry of this Order. NCL shall incorporate the policies described in this Order into all appropriate training manuals and programs for employees.

**17.3** NCL agrees to designate an employee or employees to deal with and address ADA compliance matters. This employee(s) shall implement ADA training for NCL employees who are involved in making decisions that affect passenger safety and comfort. This employee(s) shall also serve as a resource to other NCL

6

employees on ADA matters and serve as a liaison between NCL and persons with disabilities. NCL agrees that persons identifying themselves as persons with disabilities who have questions or concerns regarding ADA matters will be put in contact with this individual. NCL agrees that during the term of this Order this individual shall annually attend a seminar concerning a private entity's obligations under Title III of the ADA.

### 18. Monetary Relief

Pursuant to 42 U.S.C. § 12188(b)(2), the parties agree to the following monetary relief. The parties agree that these payments do not constitute and are not based upon an admission or finding of liability, and are not to be construed as an admission or finding of a violation of the ADA.

**18.1** NCL shall pay $ 27,500 in damages to Mr. Stephen Gomes.

**18.2** NCL shall pay $ 15,000 in damages to Robert and Joy Stigile.

**18.3** Within thirty (30) days of the date of this Order, NCL shall send, return receipt requested, the release form attached as **Appendix A** to each of the DOJ complainants listed. Within thirty (30) days of receiving signed release forms, NCL shall send, return receipt requested, checks for the full amount due to each DOJ complainant. Simultaneous to the mailing of the checks, NCL shall provide the United States with a copy of each signed release and check disbursed to each complainant. NCL shall also provide the United States with a copy of each release not signed by a DOJ complainant.

**18.4** Within thirty (30) days after this Consent Order and Final Judgment is entered by the Court, Norwegian Cruise Line Limited shall make a payment in the amount of $ 22,500 to the United States.

### 19. Notice, Reporting, and Monitoring Requirements

**19.1** Within six (6) months of the date of entry of this Order, NCL shall provide DOJ with written notice that NCL has fully implemented all actions required under ¶ 17 above.

**19.2** The United States may review compliance with this Order at any time. If the United States believes that NCL is not in compliance with this Order or any requirement contained herein, the United States agrees to notify NCL in writing of the alleged noncompliance and attempt to seek a resolution of the matter with NCL. NCL shall have sixty (60) days in which to correct the noncompliance. If the parties are unable to reach a resolution, the United States may seek appropriate relief from this Court. Failure by the United States to seek enforcement of or relief under this Order, or any of its provisions, shall not be construed as a

employees on ADA matters and serve as a liaison between NCL and persons with disabilities. NCL agrees that persons identifying themselves as persons with disabilities who have questions or concerns regarding ADA matters will be put in contact with this individual. NCL agrees that during the term of this Order this individual shall annually attend a seminar concerning a private entity's obligations under Title III of the ADA.

### 18. Monetary Relief

Pursuant to 42 U.S.C. § 12188(b)(2), the parties agree to the following monetary relief. The parties agree that these payments do not constitute and are not based upon an admission or finding of liability, and are not to be construed as an admission or finding of a violation of the ADA.

**18.1** NCL shall pay $ 27,500 in damages to Mr. Stephen Gomes.

**18.2** NCL shall pay $ 15,000 in damages to Robert and Joy Stigile.

**18.3** Within thirty (30) days of the date of this Order, NCL shall send, return receipt requested, the release form attached as **Appendix A** to each of the DOJ complainants listed. Within thirty (30) days of receiving signed release forms, NCL shall send, return receipt requested, checks for the full amount due to each DOJ complainant. Simultaneous to the mailing of the checks, NCL shall provide the United States with a copy of each signed release and check disbursed to each complainant. NCL shall also provide the United States with a copy of each release not signed by a DOJ complainant.

**18.4** Within thirty (30) days after this Consent Order and Final Judgment is entered by the Court, Norwegian Cruise Line Limited shall make a payment in the amount of $ 22,500 to the United States.

### 19. Notice, Reporting, and Monitoring Requirements

**19.1** Within six (6) months of the date of entry of this Order, NCL shall provide DOJ with written notice that NCL has fully implemented all actions required under ¶ 17 above.

**19.2** The United States may review compliance with this Order at any time. If the United States believes that NCL is not in compliance with this Order or any requirement contained herein, the United States agrees to notify NCL in writing of the alleged noncompliance and attempt to seek a resolution of the matter with NCL. NCL shall have sixty (60) days in which to correct the noncompliance. If the parties are unable to reach a resolution, the United States may seek appropriate relief from this Court. Failure by the United States to seek enforcement of or relief under this Order, or any of its provisions, shall not be construed as a

7

waiver of the United States' rights under this Order. Any violation of this Order shall be considered a subsequent violation of the ADA.

**19.3** All notices, reports, or other such documents required by this Consent Order shall be sent to the parties at the following addresses or to such other person as the parties may designate in writing in the future:

**For notices to the Department:**

John L. Wodatch, Chief
Attention: Daniel Werfel, or Eugenia Esch, or Lewis Bossing
Disability Rights Section
Civil Rights Division
U.S. Department of Justice
P.O. Box 66738
Washington, D.C. 20035-6738
(202) 307-0663
(202) 307-1197 (facsimile)

**For notices to NCL:**

Curtis J. Mase
MASE & GASSENHEIMER, P.A.
1200 Brickell Bay Office Tower
1001 Brickell Bay Drive
Miami, Florida 33131
(305) 377-3770
(305) 377-0080 (facsimile)

## 20 Miscellaneous

### 20.1 Entire Consent Order

This Consent Order, and any appendices attached, constitutes the entire agreement between the parties on the matters raised herein, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent Order, shall be enforceable regarding the matters raised herein.

### 20.2 Public Document

This Consent Order is a public document. A copy of this document, and any information contained herein, may be made available to any person. NCL shall, at its option, either provide a copy of this Order upon request, or refer any person who inquires about obtaining a copy of this Order to the United States, at the address and telephone number listed in ¶ 19.3 of this Order.

### 20.3 Consent Order Binding on Parties and Successors in Interest

This Consent Order shall be binding on the United States, Norwegian Cruise Line Limited, and the successors in interest of Norwegian Cruise Line Limited. Norwegian Cruise Line Limited has a duty to so notify all such successors in interest of the existence and terms of this Consent Order.

### 20.4 Term of the Consent Order

This Consent Order shall be in full force and effect for a period of five (5) years after the date of entry of this Consent Order. The Court shall retain jurisdiction of this action to enforce provisions of this Order during those five (5) years.

### 20.5 Severability

If any term of this Consent Order is determined by any court to be unenforceable, the other terms of this Consent Order shall nonetheless remain in full force and effect.

### 20.6 Signatories Bind Parties

Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Order.

### 20.7 Non-Discrimination

NCL agrees that it shall not deny its goods or services to any person on the basis of disability.

### 20.8 Subsequent Judicial Action

If, during the life of this Consent Order, the United States Supreme Court holds that Title III of the ADA is not applicable to foreign flag vessels operating in United States waters, then NCL shall be relieved of any continuing obligations under this Consent Order. If, during the life of this Consent Order, the United States Court of Appeals for the Eleventh Circuit holds that Title III of the ADA is not applicable to foreign flag vessels operating in United States waters, and such holding is the ultimate disposition on this issue,[4] then NCL shall be relieved of any continuing obligations under this Consent Order.

---

[4] A holding will be considered the "ultimate disposition" on the issue if there is no application for rehearing or certiorari on this issue, or an application for rehearing or certiorari is denied on this issue.

9

COUNSEL FOR THE UNITED STATES:

JOHN ASHCROFT
Attorney General of the United States

RALPH F. BOYD, JR.
Assistant Attorney General
Civil Rights Division

JOHN L. WODATCH
Chief
L. IRENE BOWEN
Deputy Chief

Dated: August 22, 2001

DANIEL I. WERFEL (Special Bar No. A5500561)
EUGENIA ESCH (Special Bar No. A5500563)
LEWIS BOSSING (Special Bar No. A5500574)
Trial Attorneys
Disability Rights Section
U.S. Department of Justice
P.O. Box 66738
Washington, D.C. 20035-6738
(202) 514-5510
(202) 307-1197 (facsimile)

BARRY SABIN
Acting U.S. Attorney

VERONICA HARRELL-JAMES
Assistant United States Attorney
99 N.E. 4th Street, 6th Floor
Miami, Florida 33132
(305) 961-9327
(305) 530-7976 (facsimile)

10

Dated: August 22, 2001

*[signature]*
CURTIS J. MASE
Fla. Bar. No. 478083
RICHARD DAVID LARA
Fla. Bar No. 987492
MASE & GASSENHEIMER, P.A.
1200 Brickell Bay Office Tower
1001 Brickell Bay Drive
Miami, Florida 33131
Phone Number: (305) 377-3770
Fax Number: (305) 377-0080

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: _____

By: *[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Sept 5, 2001
Key West - U.S. Dist. Court

11